No. DA 06-0059

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 243N

PATRICK KEITH HIRT,

              Respondent and Appellant,

   v.

DEPARTMENT OF LABOR & INDUSTRY,
HEALTH CARE LICENSING BUREAU,
CORRECTIONAL HEALTH CARE REVIEW TEAM,

              Respondent and Respondent.

APPEAL FROM:    District Court of the First Judicial District,
                      In and for the County of Lewis and Clark, Cause No. CDV-2005-430,
                      The Honorable Thomas C. Honzel, Presiding Judge.

COUNSEL OF RECORD:

        For Appellant:

        Patrick Keith Hirt (pro se), Shelby, Montana

        For Respondent:

        Darcee L. Moe, Special Assistant Attorney General, Department of Labor
        & Industry, Helena, Montana

Submitted on Briefs:  September 13, 2006

Decided:  September 26, 2006

Filed:

                                       Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Patrick Keith Hirt (Hirt) appeals from the denial of his petition for judicial review of an administrative agency's action by the First Judicial District Court, Lewis and Clark County. We affirm.

¶3 A jury in Ravalli County convicted Hirt of sexual assault of a 14-year-old girl. The District Court ordered that Hirt undergo a sex offender evaluation and that the Department of Corrections conduct a presentence investigation. Michael English, LCSW, a clinical member of the Montana Sex Offender Treatment Association, performed the sex offender evaluation. English administered psychological testing to Hirt as part of that evaluation. Paul Moomaw, Ph.D., a clinical psychologist, interpreted these tests for English. At Hirt's request, the court also appointed Michael Scolatti, Ph.D., a clinical psychologist, to conduct a partial psycho-sexual evaluation of Hirt.

¶4 The District Court held a sentencing hearing at which English testified. Dr. Scolatti did not testify at the hearing, but several witnesses referred to Scolatti's evaluation report. The District Court sentenced Hirt to the Montana State Prison for a

2

term of not less than ten years and, pursuant to § 46-23-509(3)(c), MCA, designated Hirt a Level III offender as a sexually violent predator.

¶5 Hirt filed complaints alleging unprofessional conduct against Moomaw, Scolatti, and English with the Correctional Health Care Review Team (CHCRT) of the Montana Department of Labor and Industry (DOLI). The Legislature enacted the CHCRT process to "review complaints filed by an inmate against a licensed or certified provider of health care or rehabilitative services for services that were provided to the person while the person was detained or confined in a county detention center or incarcerated under legal custody of the department of corrections." Section 37-1-331(1), MCA.

¶6 Pursuant to § 37-1-331(1), MCA, Hirt filed his complaint with the CHCRT for review. Two different review teams considered Hirt's complaints and determined that no reason existed to believe that Moomaw, Scolatti, or English had committed unprofessional conduct. As a result, neither review team referred the complaints to the Board of Psychologists or to the Board of Social Work Examiners and Professional Counselors. The two review teams sent Hirt written notice of their decisions.

¶7 Hirt filed a petition for judicial review. The District Court affirmed the review teams' decisions that Hirt's complaints established no reason to believe that Dr. Moomaw, Dr. Scolatti, or English violated the Montana Uniform Professional Licensing and Regulation Procedures. The District Court denied Hirt's petition for judicial review. Hirt appeals.

¶8 Hirt argues on appeal that the two review teams failed to conduct fact finding related to his complaints. He further argues that he was not afforded the chance to appear

3

before the review teams. Finally, he contends that the CHCRT review process operates to prohibit "minimum standards of review of claims." DOLI counters that the review teams followed the claim review process outlined by the statute.

¶9  We review an administrative agency's conclusions of law to determine whether the conclusions are correct. *Dupuis v. Board of Trustees*, 2006 MT 3, ¶ 8, 330 Mont. 232, ¶ 8, 128 P.3d 1010, ¶ 8. It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section I.3 of our 1996 Internal Operating Rules providing for memorandum opinions. It is manifest on the face of the briefs and record before us that Hirt's appeal lacks merit. Settled Montana law clearly controls the legal issues presented and the District Court correctly interpreted these legal issues.

¶10  Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ JIM RICE